ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| DOGS AND HUMANS, LLC<br><br>Recurrida<br><br>v.<br><br>JAVIER PASTRANA MONSERRATE, ÁNGELA DE JESÚS Y LA SOCIEDAD DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | TA2025CE00594 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV03911<br><br>Sobre: Acción reivindicatoria y Deslinde |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de enero de 2026.

Compareció el Sr. Javier Pastrana Monserrate (en adelante, el señor Pastrana Monserrate), la Sra. Ángela De Jesús (en adelante, "la señora De Jesús") y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "parte peticionaria"), mediante recurso de *Certiorari* presentado el 9 de octubre de 2025. Nos solicitó la revisión de la *Resolución*, emitida el 5 de agosto de 2025 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro primario"). Mediante esta, el foro primario declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari*.

**-I-**

El 30 de abril de 2024, Dogs and Humans LLC (en adelante "Dogs and Humans" o "parte recurrida") presentó una Demanda de

acción reivindicatoria y deslinde.[1] En lo pertinente, solicitó que se reivindicara y restituyera una porción del terreno que el señor Pastrana Monserrate, la señora De Jesús y la Sociedad Legal de Gananciales compuesta por ellos estaban ocupando alegadamente de manera ilegal. Igualmente, solicitó que se establecieran los límites entre los solares de las partes de epígrafe.

Tras varios asuntos impertinentes a lo que nos ocupa, la parte peticionaria presentó *Solicitud de Sentencia Sumaria.*[2] En síntesis, arguyeron que en el presente caso no existía controversia alguna, toda vez que, al adquirir la finca, Dogs and Humans venía obligado a cumplir con los requerimientos previamente establecidos por ARPe. Según alegaron, Dogs and Humans debía destinar al uso público el área de servidumbre de paso ubicado en su finca. En virtud de ello, alegaron que al estar destinado el terreno de Dogs and Humans al uso público, éste no era titular de la finca en controversia, por lo que estaba impedido de instar la acción de epígrafe. Así, solicitó que se declarara no ha lugar la *Demanda* presentada.

Posteriormente, Dogs and Humans presentó *Oposición a Solicitud de Sentencia Sumaria.*[3] Mediante esta, sostuvo que existían hechos en controversia. Además, sostuvo que tenía legitimación activa para reclamar la restitución y el deslinde de la servidumbre de paso.

Evaluadas las posturas de las partes, el 5 de agosto de 2025 el foro primario emitió la *Resolución* recurrida, mediante la cual declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por la parte peticionaria.[4]

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 2, págs. 1-7.
[2] *Id.,* entrada núm. 44 págs. 1-12.
[3] *Id.,* entrada núm. 50 págs. 1-15.
[4] *Id.,* entrada núm. 54 págs. 1-12.

Inconforme, y tras denegada una solicitud de reconsideración, el 9 de octubre de 2025, la parte peticionaria acudió ante este Tribunal mediante el recurso de epígrafe. En el mismo, señala la comisión de los siguientes errores:

> Erró el TPI al denegar la Solicitud de sentencia sumaria sometida por los peticionarios, a pesar de que de los documentos sometidos con dicho escrito y de las determinaciones de hechos establecidas por el TPI, se establece que la recurrida carece de legitimación activa.

> Erró el TPI al disponer que no puede dictar sentencia sumaria porque existe controversia sobre la titularidad de la parte recurrida sobre la servidumbre de paso de 11 metros constituida sobre la Finca 5074 para darle acceso a la finca 13,541 de los peticionarios.

> Erró el TPI al disponer que no puede dictar sentencia sumaria porque existe controversia sobre si el acceso a la vía pública de los solares 1 y 2 segregados de la Finca 5,074 fue por el remanente o es un acceso directo al Norte hacia la carretera Los Romeros.

Por su parte, el 31 de octubre de 2025, la parte recurrida presentó su *Alegato en Oposición a Expedición de Certiorari*. Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**-III-**

En el presente caso, la parte peticionaria adujo que el foro primario erró al denegar su petición de sentencia sumaria, pese a que presentaron documentos que establecen que la parte recurrida

carece de legitimación activa. Igualmente, adujo que el foro primario erró al disponer que no podía dictar sentencia sumaria por entender que existía una controversia sobre la titularidad de la parte recurrida y el acceso a la vía pública de los solares de las partes de epígrafe.

El Tribunal de Primera Instancia denegó la solicitud de sentencia sumaria por entender que subsiste una controversia sobre el acceso a la vía pública de los solares de las partes, por lo que concluyó que existe una controversia sobre hechos esenciales.

Examinado el expediente del presente caso, concluimos que el foro primario actuó dentro del ámbito de la discreción que le confiere nuestro ordenamiento jurídico. Así, justipreciamos que no se reúnen los criterios necesarios para que ejerzamos nuestra facultad revisora que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. Por tal razón, denegamos expedir el auto solicitado.

**-IV-**

Por los fundamentos previamente expuestos, **se deniega expedir** el auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones